IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1396-D |
| GAIL STEARMAN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Dismiss Counterclaim [Doc. No. 22], brought pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Gail Stearman has opposed the Motion, which is fully briefed.

Plaintiff brought this interpleader action to obtain the Court's adjudication of conflicting claims to life insurance benefits payable pursuant to a group insurance policy ("Policy") as a result of the death of Daniel Koch. *See* Compl. [Doc. No. 1] at 1; Joint Status Report [Doc. No. 33] at 2. The parties agree that the Policy constitutes an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.*, as amended ("ERISA"). Ms. Stearman filed an Answer and Counterclaim [Doc. No. 21], asserting entitlement to an additional benefit of $55,000 under the Accidental Death & Dismemberment ("AD&D") provision of the Policy.[1]

---

[1] Pursuant to a January 24, 2017 Order [Doc. No. 23], the Court granted Plaintiff's Motion for Order Directing Clerk to Accept, Deposit, and Invest Funds [Doc. No. 8] regarding the original amount of life insurance proceeds pleaded. The January 24, 2017 Order did not address the additional amount of AD&D proceeds addressed in the counterclaim by Ms. Stearman.

Plaintiff subsequently filed a Motion to Dismiss Counterclaim [Doc. No. 22], contending Ms. Stearman had failed to exhaust her administrative remedies in regard to the AD&D claim. On March 30, 2017, the parties filed a Joint Status Report [Doc. No. 33] and met in chambers for a status conference the following week, both of which confirmed Defendant Stearman's failure to exhaust administrative remedies regarding the AD&D claim.[2]

**Standard**

The inquiry under Fed. R. Civ. P. 12(b)(6) is whether the counterclaim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." *Id.* The counterclaim must provide "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55). Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible" the defect can be corrected. *Triplett v. Leflore Cty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).

---

[2] Plaintiff has denied AD&D coverage, and Defendant Stearman is preparing to appeal that denial through the proper administrative channels. *See* Joint Status Report [Doc. No. 33] at 3, 8.

**Discussion**

Although ERISA contains no explicit exhaustion requirement, the Tenth Circuit has held that "ERISA exhaustion is a judicial, not contractual, doctrine," requiring exhaustion of administrative remedies prior to seeking judicial relief. *See Whitehead v. Oklahoma Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999); *Lewis v. U.F.C.W. Dist. Union Local Two & Emp'rs Pension Fund*, 273 App'x 765, 767-68 (10th Cir. 2008); *Fortelney v. Liberty Life Assur. Co. of Boston*, 790 F. Supp. 2d 1322, 1358 (W.D. Okla. 2011). "This requirement 'derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees.'" *Fortelney*, 790 F. Supp. 2d at 1358 (quoting *McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998)). "Any other procedure would permit 'premature judicial interference' and 'would impede those internal processes which result in a completed record of decision making for a court to review.'" *Id.* (quoting *McGraw,* 137 F.3d at 1263). Accordingly, Ms. Stearman's AD&D claim is not yet ripe for consideration in this Court.

However, at the status conference, counsel for Defendants voiced concerns about the effect a dismissal of Ms. Stearman's counterclaim would have on standing and the running of limitations periods.[3] Since that time, Plaintiff has filed a Stipulation [Doc. No. 35] stating:

> Unum will not raise standing as grounds to refuse consideration [of] an appeal raised by any of the defendants in the litigation regarding the AD&D

---

[3] *See also* Resp. [Doc. No. 28] at 5.

claim, until such time as the Court has determined which party or parties are the proper beneficiaries. . . .

Unum will consider the later date of the Court's determination of the proper beneficiary or beneficiaries or the date it makes its determination of the appeal to be the date from which any statute of limitations or contractual limitations would run.

Stipulation [Doc. No. 35] at 1. The Court finds Plaintiff's Stipulation adequately addresses Defendants' concerns.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Counterclaim [Doc. No. 22] is GRANTED, and Defendant Gail Stearman's Counterclaim [Doc. No. 21] is DISMISSED without prejudice to refiling after all administrative remedies have been exhausted.

IT IS SO ORDERED this 24th day of April, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE